[Criminal No. 179. Filed March 26, 1904.]

[76 Pac. 456.]

## TERRITORY OF ARIZONA, Plaintiff and Appellant, v. R. R. RICHARDSON, and JAMES JOHNSON, Defendants and Respondents.

1. Public Highways—Private Roads — What Constitutes — Rev. Stats. 1901, Pars. 614, 3956, 3972, 3990, 3998, Cited.—Paragraph 3956, *supra,* provides that all roads and highways located as public highways by order of the board of supervisors, and all roads in public use which have been recorded as public highways, shall be public highways, and all roads in public use not coming within the foregoing provisions are declared vacated. Paragraph 3972, *supra,* confers authority upon the board of supervisors to lay out public and private roads in the manner therein prescribed. *Held,* that public highways are such only as come within the express provisions of the statute declaring them to be such, while private ways are such as are laid out by authority of law, and roads established without authority for the convenience of individuals are without a legal *status* either as public highways or private ways.

2. Criminal Law—Malicious Injury to Private Road—Rev. Stats. Ariz., Pen. Code, Sec. 524, Construed.—Section 524, *supra,* makes it punishable to maliciously injure any public highway, or "private

way laid out by authority of law,'' but does not make it a criminal offense to commit an injury to a private way not laid out by authority of law.

3. SAME—SAME—INDICTMENT—SUFFICIENCY—REV. STATS. ARIZ., PEN. CODE, SEC. 544, CITED—GIST OF OFFENSE.—An indictment under section 524, *supra,* for maliciously injuring a private way laid out by authority of law, is fatally defective, the allegation that defendant did maliciously ''dig up a private way laid out by authority of law'' being merely descriptive, and failing to aver facts showing that the way was laid out by authority of law or directly to aver that the way was so laid out by authority of law; the malicious digging up of a private way becoming a criminal offense only when such way is laid out by authority of law.

APPEAL from a judgment of the District Court of the First Judicial District in and for the County of Santa Cruz. George R. Davis, Judge. Affirmed.

The facts are stated in the opinion.

E. W. Wells, Attorney-General, and Smith & Ives, for Appellant.

Hereford & Hazzard, for Respondents.

KENT, C. J.—Section 524 of the Penal Code of Arizona reads as follows: ''Every person who maliciously digs up, removes, displaces, breaks or otherwise injures or destroys any public highway or bridge, or any private way laid out by authority of law, or bridge upon such highway or private way, is punishable by imprisonment in the territorial prison not exceeding five years, or in the county jail not exceeding six months.'' Under this section an indictment was found against the defendants in the following terms: ''R. R. Richardson and James Johnson are accused by the grand jury of the county of Santa Cruz, territory of Arizona, by this indictment, found on the 22d day of December, A. D. 1903, of the crime of digging up a private way laid out by authority of law, committed as follows, to wit: The said R. R. Richardson and James Johnson on or about the 17th day of September, A. D. 1903, and before the finding of this indictment, at the county of Santa Cruz, territory of Arizona, did unlawfully, willfully, feloniously, and maliciously dig up a private way laid out by authority of law, to wit, the private way in said

VIII Ariz.—22

Santa Cruz County, territory of Arizona, leading from the county road between Harshaw and Washington Camp to the Trench Mine, by digging a shaft across the center of said private way, said shaft being about six feet long, four feet wide, and five feet deep, at a point about one hundred and fifty feet from the said county road leading from Harshaw to Washington Camp, contrary,'' etc. A demurrer was interposed to this indictment on the ground that the indictment did not charge a public offense or any offense against the defendants; that the indictment failed to charge that the way was a private way, or what private way was intended, or to whom the same belonged, or whether the digging was without the consent of the owner of the way, or whether the way was laid out by authority of the law of Arizona or elsewhere; and that the indictment was not direct and certain as to the offense, or as to the circumstances of the offense. The demurrer was sustained by the court, and the territory has brought this appeal.

We find in the Revised Statutes the following provisions pertinent to the question raised on this appeal:—

"Par. 3956. All roads and highways in the territory of Arizona which have been located as public highways by order of the board of supervisors, and all roads in public use which have been recorded as public highways, or which may be recorded by authority of the board of supervisors, from and after the passage of this title, are hereby declared public highways; and all roads in the territory of Arizona now in public use, which do not come within the foregoing provisions of this section, are hereby declared vacated. . . .

"Par. 3972. The board of supervisors, on presentation of a petition, signed by ten or more persons, residents of the county, and paying road taxes therein, praying for a public road to be laid out or changed within the county, or a petition signed by one or more persons, praying for a private road or lane to be laid out from the ranch or dwelling of any person to the public road, and designating the location of the road to be established as prayed for, shall cause notice . . . ; provided, that all damages and expenses accruing from the location of any private road or lane shall be paid by the party or parties petitioning for said road; and the board of supervisors may, before acting upon any petition for such private road or lane, require such a bond from the party or parties

so petitioning, as shall in their judgment seem proper, to be held as security for all damages or expense accruing from the location of said road, liabilities upon said bonds to be collected as is provided by law in similar cases. . . .

"Par. 614.    Every city . . . shall have the power to lay out . . . maintain and improve streets," etc.

"Par. 3990.    In all of the towns in the territory not incorporated, and containing a population of more than five hundred souls, the streets shall be considered as public highways, and under the control of the board of supervisors of the county in which such towns may be situated.

"Par. 3998.    Any person or persons desiring to construct and maintain a toll road within one or more counties of this territory, shall make, sign and acknowledge, before some officer entitled to take acknowledgment of deeds, a certificate specifying, first, the name by which the road shall be known; and, second, the names of the places which shall constitute the termini of said road.    Such certificate shall be accompanied," etc.

We find no reference to private ways or private roads in the statute, other than as contained in the sections hereinbefore referred to.    In the common acceptation of the term, roads or ways are considered to be either public or private; but in the legal acceptation a way may be a road that is neither a public highway nor a private road or way, under our statutes.    Public highways are such only as come within the express provisions of the statutes declaring them to be such.    The statutes do not define a private road or way.    At common law a private way is the right of passage over or under another person's ground, which belongs to and is for the use of individuals—one or more—as distinct from a way that is used by the public in general, and such a way is an easement.    1 Am. & Eng. Ency. of Law, 2d ed., p. 3.    Such a private way may be acquired by grant, reservation, prescription, or under a statute authorizing its establishment.    In contemplation of law, therefore, though perhaps commonly known and spoken of indiscriminately as public and as private roads, many, if not a majority, of the roads and ways running throughout all parts of the territory, and frequently in general public use, are neither public highways nor private ways, but are simply roads established without authority for the convenience of individu-

als, and without a legal *status* either as public highways or private ways. Such roads, where they may have heretofore existed as public highways, and where no right has vested, have by the legislature been declared vacated. This action of the legislature, however, does not create them private ways. The legislature has made it clear that it was not its intention to make it a criminal offense to commit an injury to any such class of roads, even if they might be considered as private ways. Our Penal Code in the section under discussion has expressly limited such injury to injury to public highways, and to private ways laid out by authority of law. Even if such roads might be considered therefore to be private ways, nevertheless they are not included in this statute, for they are not ways laid out by authority of law, such as would be, for example, ways laid out as provided in paragraph 3972 of the statutes. They are, on the contrary, in most instances, ways laid out and maintained without authority of law.

The indictment in the case before us is defective, in that it not only fails to contain any allegations respecting the facts surrounding the establishment and existence of the private way upon which the injury is alleged to have been committed, from which it can be inferred even that such way was laid out by authority of law; but the indictment fails to allege in direct terms that such way was a way laid out by authority of law. While the indictment does contain the allegation that the defendants did maliciously ''dig up a private way laid out by authority of law, to wit,'' etc., such an allegation is descriptive, merely, and, as set forth, it is not a direct allegation that such way was a way laid out by authority of law. The act of maliciously digging up a private way is not necessarily a criminal offense under our statutes. It becomes one only when such way is a way laid out by authority of law. Therefore an indictment which fails to allege facts showing that such way was so laid out, and which does not even contain the direct allegation that such way was a way so laid out, is defective and cannot be sustained.

Our conclusion in this respect makes it unnecessary to consider the other objections urged.

The judgment of the court below is affirmed.

Sloan, J., and Doan, J., concur.