[Civil No. 2204.  Filed March 4, 1925.]

[233 Pac. 1107.]

GEORGE CHAMPIE, Appellant, v. THE CASTLE HOT SPRINGS COMPANY, a Corporation, Appellee.

1. APPEAL AND ERROR—ISSUANCE OF AND REFUSAL TO DISSOLVE TEMPORARY RESTRAINING ORDER HELD MOOT QUESTION.—Issuance of temporary restraining order and refusal to dissolve it before final hearing *held* moot question, not determinable on appeal from judgment granting permanent injunction.

2. INJUNCTION—PROPER REMEDY AGAINST SERIES OF TRESPASSES, WHERE COSTS OF SEPARATE SUITS FOR DAMAGES WOULD FAR EXCEED RECOVERY.—Injunction is proper remedy against continued series of trespasses, past and prospective, even when defendant can respond in money damages, where amount of damages in each trespass is merely nominal, so that costs of separate suits would far exceed recovery.

3. HIGHWAYS—ROAD USED IN COMPETITION WITH LIVERY BUSINESS OF HOTEL COMPANY OWNING GROUND HELD NOT PUBLIC ROAD.— Road not dedicated as public road in manner provided in Codes of 1901 and 1913, though used by general public for years, and expense of maintenance reimbursed by county, *held* private road, against use of which, in competition with livery business operated by company owning ground, injunction lies, though clause in Code of 1901, vacating roads, unless established or confirmed in statutory manner, was omitted from Code of 1913.

4. PROPERTY—OWNER MAY EXCLUDE OTHERS.—Private property is monopoly in nature and purpose; owner being entitled to do as

———

2. Injunction against trespasses to realty, see notes in 11 Am. Dec. 498; 53 Am. Rep. 346; 99 Am. St. Rep. 731; 15 Ann. Cas. 1235; 13 L. R. A. (N. S.) 173; 21 L. R. A. (N. S.) 417. See, also, 14 R. C. L. 456. 3. See 21 R. C. L. 1228.

he will with it, if he does not interfere with others' legal rights, and to exclude any and all persons from it at will.

5. INNKEEPERS—COMPETITOR'S USE OF PREMISES MAY BE ENJOINED.— Innkeeper may refuse access to his premises to compete with livery business conducted in connection with hotel, though competitor's presence is requested by guests, and injunction will lie, though it tends to establish monopoly.

See (1) 4 C. J., p. 649. (2) 32 C. J., pp. 140, 141. (3) 29 C. J., p. 371. (4) 32 Cyc., pp. 676, 677. (5) 32 C. J., pp. 151, 542 (1926 Anno.).

APPEAL from a judgment of the Superior Court of the County of Yavapai. Richard Lamson, Judge. Affirmed.

Messrs. Anderson, Gale & Nilsson, for Appellant.

Messrs. Norris & Norris, for Appellee.

LOCKWOOD, J.—Castle Hot Springs Company, a corporation, hereinafter called plaintiff, filed suit in the superior court of Yavapai county against George Champie, hereinafter called defendant, alleging substantially as follows: That it was the owner of some 200 acres of ground in Yavapai county, where it conducted a hotel and winter resort; that in connection therewith it operated a livery business for the purpose of supplying its guests with horses; and that defendant wrongfully and unlawfully came on plaintiff's premises and used the same and its conveniences in competition with the latter's livery business, contrary to its orders, to plaintiff's great damage, and that defendant states he will continue to do so, unless ordered by the court to desist. Plaintiff prayed for injunctive relief and damages. A temporary restraining order was issued on the complaint, without notice, but on hearing after answer it was continued until trial on the merits.

Defendant demurred to the complaint on the ground that it did not state a cause of action; and showed no equities; that there was a complete remedy at law, and no showing of irreparable injuries. He further answered, denying any wrongful or unlawful trespass or interference with plaintiff's livery business, and alleges that he owned certain horses which he maintains away from the premises of plaintiff; that he never solicited business on plaintiff's premises; but that, when guests of the latter have so asked him, he takes his horses along a road which he claims to be a public highway and hitches them to a public hitching-rack thereon for the convenience of the guests who have made such request.

The demurrers were overruled and the case tried to the court without a jury. Certain findings of fact and conclusions of law were made, and judgment entered thereon for a permanent injunction, restraining defendant in the usual manner from "taking any horses . . . on said property of plaintiff along said roads and passageways or otherwise for the purpose of renting or hiring them out in competition with plaintiff's livery business, and . . . from making use of the conveniences used by plaintiff for the purpose of conducting its livery business, in competition with plaintiff in any manner whatsoever." Plaintiff at the hearing waived any claim for damages. Defendant moved for a new trial, which was denied, and has filed the usual appeal.

The findings of fact herein are not seriously questioned by defendant, except the one to the effect that the roads and passageways mentioned in the pleadings are private. His defense and the ground of his appeal are almost purely questions of law. He sets up five assignments of error, with some twenty-seven subsections, which are correctly grouped by

27 Ariz.—30

him in four propositions of law, which we will examine separately.

The first goes to the propriety of injunctive relief in a case of this nature. We have considered carefully the argument of plaintiff's counsel and the cases cited, and are satisfied that the action of the court in issuing the temporary restraining order and refusing to dissolve it before the final hearing is now only a moot question and not for our determination here. While there is a decided conflict of authorities on the point, we are of the opinion that the more modern and better considered rule is that injunctive relief is a proper remedy against a continued series of trespasses, past and prospective, even when the defendant can respond in money damages, where the amount of damage in each successive trespass is merely nominal, so that the costs of separate suits would far exceed the recovery. *Cragg* v. *Levinson*, 238 Ill. 69, 15 Ann. Cas. 1229, 21 L. R. A. (N. S.) 417, and note, 87 N. E. 121; *Chicago etc.* v. *C. B. & Q. R. R.*, 181 Ill. 611, 54 N. E. 1026; *Donovan* v. *Pennsylvania etc. Co.*, 199 U. S. 304, 50 L. Ed. 192, 26 Sup. Ct. Rep. 91 (see, also, Rose's U. S. Notes).

The fourth proposition involves the validity of the finding of fact to the effect that the road used by defendant was a private one. If it was in fact a public road, it is extremely doubtful whether the facts set up in the complaint would justify an injunction. It is admitted there was no dedication as a public road in the manner provided by statute, but it is contended that, since the undisputed evidence shows user by the general public for years, and that the county reimbursed plaintiff for the maintenance of the general highway, of which the road in question is claimed by defendant to be an integral part, it is nevertheless a public road as a matter of fact, at least for the purpose of a case like this.

This court has heretofore defined the term "public roads" in the case of *Territory* v. *Richardson,* 8 Ariz. 336, 76 Pac. 456, and the road in question certainly does not come within that definition. Counsel for defendant suggests, however, that, since in the 1913 Code the legislature omitted the clause in the corresponding section in the 1901 Code declaring all roads in public use vacated, unless established or confirmed in the statutory manner, it by implication in 1913 established roads by user and prescription. They overlook the fact that, since the vacation of roads in public use in the 1901 Code, and the decision in *Territory* v. *Richardson, supra,* there has been but one legal method of establishing public roads or private ways, which is carefully set forth in both codes. The roads and ways mentioned in the pleadings in this case fall squarely within the class described in *Territory* v. *Richardson* as "without a legal status either as public highways or private ways."

The fact, if it be one, that the county illegally paid plaintiff some money to reimburse it for work on private premises, while it might give rise to some form of action for the recovery of such money, in no manner affects the status of the road. The trial court properly found the roads and passageways involved herein were private roads and passageways.

This brings us to the most serious issue in the case, set forth in propositions 2 and 3. Has an innkeeper the right to refuse a competitor access to his premises, for the purpose of competition, when the presence of the latter is requested by one of the former's guests? Counsel for defendant urged most strenuously that to hold with plaintiff would be to establish a monopoly and make the guests practically prisoners, and that public policy denies to innkeepers unlimited rights over their own property, imposing on them certain duties to the general public.

There is, of course, nothing to the statement that the guests are deprived of their freedom. They can come and go at will. It is true that the injunction does tend to establish a monopoly. But of what? Private property is, in its nature and purpose, a monopoly. The very essence thereof is that I may do as I will with my own, provided always that I do not interfere with the legal rights of others. One of the most cherished principles of our common law, to use the old phrase, is that "a man's house is his castle, from which he may exclude any and all persons at will, even to the slaying of the invader."

No doubt innkeepers have some duties to the general public greater than that of ordinary property owners, but, so far as we are advised, it has never been held that they must funish their private facilities for the use of a competitor in business. Cases involving the same general principles as the one at bar have frequently arisen, and it has been held almost invariably that the owner of the premises is within his rights in excluding a competitor therefrom. The leading case on this question is *State* v. *Steele,* 106 N. C. 766, 19 Am. St. Rep. 573, 8 L. R. A. 516, 11 S. E. 478, where the entire subject is elaborately discussed, the authorities collated, and the rule of law contended for by plaintiff herein fully upheld. The court therein says:

"The guest, by sending for a hackman, could not delegate to him the right to do an act for which even the guest himself might lawfully be put out of the hotel."

We are of the opinion that the trial court properly granted the permanent injunction and its judgment is hereby affirmed.

McALISTER, C. J., and ROSS, J., concur.