[Civil No. 3127.   Filed March 15, 1932.]

[8 Pac. (2d) 1078.]

WM. CURTIS and G. T. CARLSON, Appellants, v. THE SOUTHERN PACIFIC COMPANY, a Corporation, Appellee.

Messrs. Beumler & Graham, for Appellants.

Messrs. Knapp & Boyle, for Appellee.

LOCKWOOD, J.—Wm. Curtis and G. T. Carlson, hereinafter called plaintiffs, brought suit against Southern Pacific Company, a corporation, hereinafter

called defendant, asking for a permanent mandatory injunction requiring defendant to remove an obstruction in a certain railroad crossing and to refrain from further obstructing such crossing. An order was issued requiring defendant to appear and show cause why such injunction should not be granted, which hearing was first set for March 27th, and afterward for April 3d. Defendant demurred to the complaint on the ground that it showed the court had no jurisdiction of the subject matter, and that it did not state a cause of action against defendant, and filed an affidavit with certain exhibits attached thereto in response to the order to show cause. The court apparently considered both the demurrers and the affidavit together as a hearing on the merits, sustained the demurrers and entered judgment dismissing the action. From the judgment, plaintiffs have appealed.

There are several objections raised by plaintiffs to the manner of the procedure by the trial court, but we think the case can be disposed of without considering these technical matters. After the usual formal allegations in regard to the parties and that the plaintiffs bring the suit both to protect their own private property interests and in behalf of the public interests, the complaint alleges the facts to be in substance as follows:

The city of Douglas lies upon the eastern side of defendant's right of way, while Railroad addition to Douglas town site, a duly platted town-site addition, lies on the western side thereof. In the city of Douglas there is regularly laid off a public highway known as Seventeenth Street, which runs east and west through the city of Douglas, and has its western terminus at defendant's right of way. In Railroad addition there is another public highway laid out which is called the Seventeenth Street extension, which runs for three or four blocks east and west through Railroad addition and has its eastern termi-

nus at defendant's right of way. Connecting Seventeenth Street in the city of Douglas and the Seventeenth Street extension in Railroad addition there exists a passageway across defendant's right of way, coextensive in width with the two streets above named, which passageway had been used by the general public and by plaintiffs and their predecessors in interest as a public street for between fifteen and twenty years prior to the commencement of these proceedings.

Plaintiff Curtis lives in Railroad addition and plaintiff Carlson in the city of Douglas. Their properties abut respectively on the Seventeenth Street extension and on Seventeenth Street, and the passageway across defendant's right of way is the nearest and most convenient route for them between Railroad addition and the city of Douglas. The complaint then alleges that about January 30, 1931, defendant closed said passageway across its right of way and continues to keep it closed, against the will and consent of plaintiffs, and concludes with the usual allegations of no adequate remedy at law, and irreparable injury to their property and their right of passage exercised as aforesaid.

The affidavit and exhibits of defendant set up in substance that such passage was closed under and by authority of an order of the Arizona corporation commission, made with the consent of the board of supervisors of Cochise county, and the common council of the city of Douglas.

Let us consider first the correctness of the ruling on the demurrers. The complaint attempts to allege the closing of a right of way acquired by prescription. So far as the general public for whom plaintiffs allege they sue are concerned, the complaint does not state a cause of action, for no public highway or right of way may, since 1901, be established under the law of Arizona in this manner. *Territory*

v. *Richardson,* 8 Ariz. 336, 76 Pac. 456; *Champie* v. *Castle Creek Hot Springs Co.,* 27 Ariz. 463, 233 Pac. 1107. The question in regard to a private right of way, however, presents a more difficult issue.

The allegations of the complaint in substance are that there are two public highways, separated by the right of way of defendant, and that for nearly twenty years plaintiffs and their predecessors in interest have exercised an easement of passage over defendant's premises between such two highways. A private right of way of this kind may be acquired under our statutes by peaceable and adverse possession and use the enjoyment thereof for ten years. Section 2051, Rev. Code Ariz. 1928. If, therefore, plaintiffs have used and enjoyed the right of crossing defendant's right of way peaceably and adversely for more than ten years, as they allege in their complaint, they have an easement of passage which is a vested property right. 19 C. J. 900, and notes. And if so, of course it cannot be taken away without due hearing and compensation. Further, the superior court of Cochise county obviously has jurisdiction to hear cases protecting a vested right of this nature. We think, therefore, that the court erred in sustaining the demurrers to the complaint.

It is urged, however, by defendant, that the matter was not heard solely on the demurrers, but in reality was a hearing on the merits, and that defendant's showing thereon proved conclusively that as a matter of law it had the right to close the crossing in question. Its contention is based on the theory that the opening of the crossing was imposed as a matter of statutory duty upon defendant, and in support thereof it cites paragraph 331, Revised Statutes of Arizona of 1887 (Civil Code), which reads in part as follows:

"Every railroad corporation shall construct and maintain good and sufficient crossings, where its rail-

road *crosses* public roads, or town streets, now or hereafter opened for public use. . . . " (Italics ours.)

This section was carried forward as paragraph 879, Revised Statutes of Arizona of 1901 (Civil Code), and paragraph 2189, Revised Statutes of Arizona of 1913 (Civil Code), and defendant urges that since by this statute it was compelled to construct and maintain the easement of passage in question, no right by prescription could be obtained therein, inasmuch as no adverse possession could exist under the circumstances.

The proposition of law so raised cannot be controverted, but the allegations of the complaint do not present a condition falling within paragraph 331, *supra.* If the allegations had been that Seventeenth Street *crossed* the railroad right of way, or *vice versa,* defendant would have been compelled to maintain the crossing in question, and no right of way could have been acquired through user and prescription. The complaint, however, states in substance that the two streets described therein *ended* at the railroad right of way, and that the crossing connected them. If such were the case, the defendant was under no obligation by virtue of the statute to open and maintain any crossing on its right of way connecting the two streets laid out as alleged in the complaint. And under such circumstances, if plaintiffs and their predecessors in interest did use the crossing as alleged in the complaint, such use would, in the absence of allegations and proof constituting a defense, establish an easement of passage.

The only showing made by defendant was that the corporation commission had closed the crossing in question. If such crossing had been one which the railroad was compelled to maintain under paragraph 331, *supra,* by the provisions of chapter 118, Session

Laws of 1919 (carried forward in section 700, Rev. Code Ariz. 1928), the commission would have had exclusive jurisdiction of such crossing, and we think, although it is not expressly so stated in the act, would have had the right to close the same, subject to an appeal from its order in the manner provided by statute, and plaintiff's only remedy would have been first to apply to the commission to set aside its order, and in case of refusal, to appeal from such refusal in the manner provided by law. Sections 718–720, Rev. Code Ariz. 1928.

But the authority of the corporation commission over railroad crossings given by the act of 1919, *supra,* is specifically limited to the kind of crossings described in paragraph 331, *supra.* If, as the complaint alleges, the crossing in question was not one of that character, chapter 118, *supra,* gave no jurisdiction to the commission to close it, and even though the crossing might legally be closed in some manner, if plaintiffs had acquired a vested right of way therein they would be entitled to a hearing and compensation therefor.

For the foregoing reasons the judgment of the superior court of Cochise county is reversed and the cause remanded, with instructions to overrule defendant's demurrers to the complaint, and to permit it to file an answer thereto if it desires, and for such further proceedings as may be necessary.

McALISTER, C. J., and ROSS, J., concur.