WILLARD M. HAINES,
*Plaintiff and Respondent,*

vs.

WALTER GALLES,
*Defendant,*

SAM BAXTER and HAZEL BAXTER,
*Defendants and Appellants.*

(No. 2740; November 27th, 1956; 303 Pac. (2d) 1004)

For the defendants and appellants the cause was submitted upon the brief and also oral argument of Marvin L. Bishop of Casper, Wyoming.

For the plaintiff and respondent, the cause was submitted upon the brief of Mahoney, Wilkerson & Murphy and W. A. Cole, all of Casper, Wyoming, and oral argument by Mr. J. F. Mahoney.

## OPINION

Mr .Justice Parker delivered the opinion of the court.

Plaintiff, Willard W. Haines, in his petition alleged that Walter Galles was the record title holder and Sam and Hazel Baxter were in possession of certain lands in sec. 25, T. 33 N., R. 80 W., of the 6th P.M., Natrona County; that

"for more than 10 years last past, plaintiff and his predecessors in title have had free and uncontested use of a right of way across the western portion of land now occupied and owned by defendants which said right of way was established by plaintiff to allow him ingress [to] and egress from his land";

and prayed that the court direct defendants to permit the plaintiff the continued unobstructed use of the existing right of way, known as the Haines Road.

At the trial, when it appeared that Galles had no record interest in the lands, the case against him was dismissed. (Accordingly, in our discussion hereafter, we will not consider him to have been a defendant.) The court found generally for Haines and against the Baxters, adjudged that plaintiff was "entitled to a right of way for a private road" across the defendants'

lands and ordered defendants "to cease their interference with and obstruction of the plaintiff's said right of way and the plaintiff's use thereof."

From this judgment, defendants have appealed, insisting that the trial court's judgment violates the statute, § 48-301, W.C.S. 1945, and the case, Nixon v. Edwards, 72 Wyo. 274, 264 P.2d 287, 293—which interpreted said statute, referring to it as "the Act." Such case, dealing with a claim of the existence of a *public road* by prescription even though the same had not been officially established and recorded by the board of county commissioners, held the words "highways" and "public roads' 'to be synonymous and the Act to mean that no roads shall be public roads unless and until they are established in accordance with the Act.

Defendants, in comparing the Nixon case with the instant situation, admit a dissimilarity as relates to the existence of additional means of access to the claimants' properties. However, they point out substantial identity on the following points:

(1) In both cases, the party claiming the easement of right of way used the same for ingress to and egress from his land.

(2) The person claiming the easement in each case contended that he had used and traveled the road in dispute openly, notoriously, and adversely for over ten years.

(3) The evidence in each case shows that persons other than the one claiming easement had on different occasions used the road.

(4) Neither road was laid out, established, and recorded by the board of county commissioners as required by § 48-301.

Plaintiff's counsel herein insist that the Nixon case does not control the present decision because Haines is here attempting to show that he is entitled to a right of way for a private, not a public, road. Defendants' counsel, on the other hand, contends:

"Section 48-301, supra, provides that no roads other than those laid out, established and recorded by the several Boards of County Commissioners, shall be highways unless and until lawfully established as such by official authority. There is no exception in the statute as to private roads or rural County roads. The statute is all inclusive, otherwise most any litigant in attempting to establish a road by user only could claim that it is a private road and thereby defeat the very purpose of this statute."

Defendants herein apparently overlook two important statements by the court in Nixon v. Edwards, supra, at pp. 288, 293:

(1) "At the close of the evidence in the case, the defendants, by their counsel, stated to the court that they would not proceed on the theory that the road in question was a private road in which they had an easement, but upon the theory that the road in question was a public road";
and

(2) "Highways are public roads, and substituting the synonymous term 'public roads', the act provided that no roads should be public roads unless and until duly established as the act provided."

We thus find that Nixon v. Edwards, supra, by definition and by specific statement dealt with "highways" or "public roads" rather than with a *private right of way with which* the instant case is exclusively concerned. Haines in the case now before us makes no reference in his petition to a public highway, a highway, or a public road, and refers only to his own right of way (although he does not designate it as

private). The trial court specifically allows him "a right of way for a private road." Accordingly, we may eliminate from our present consideration any reference to § 48-301, to the case of Nixon v. Edwards, supra, and to other authorities cited by defendants on the subject of public roads, including the case of Rocky Mountain Sheep Co. v. Board of County Comrs. of Carbon County, 73 Wyo. 11, 269 P.2d 314. We proceed then to an analysis of statements made by this court relating to acquisition of easements of private rights of way by prescription.

One of the first of such statements was that of Judge Conaway in Metcalf v. Hart, 3 Wyo. 513, 27 P. 900, 906, 31 P. 407, 31 Am.St.Rep. 122, when he defined an easement as a liberty, privilege, or advantage in land, without profit, and existing distinct from the ownership of the soil. He further stated that claim for an easement must be founded upon a deed or writing, or upon *prescription* which supposes one.

Later, Judge Beard on McIlquham v. Anthony Wilkinson Live Stock Co., 18 Wyo. 53, 104 P. 20, recognized prescription in a negative way by indicating that use of unenclosed private land for pasturing livestock was merely permissive, created no title, and might be terminated at any time.

In Gustin v. Harting, 20 Wyo. 1, 121 P. 522, 527, Ann.Cas. 1914C, 911, Judge Potter stated:

" * * * The actual and continuous use of an easement, as of right, for the period of limitation for bringing an action to dispossess the claimant, creates the presumption of a grant. * * * "

More recently, Judge Blume in Coumas v. Transcontinental Garage, Inc., 68 Wyo. 99, 230 P.2d 748, 754, 41 A.L.R.2d 539, in discussing prescriptive rights relating to a party wall, quoted 28 C.J.S., Easements

§ 5, " 'an easement may be created or passed only by deed, that is, by grant, reservation, or covenant, or by prescription, which presupposes a grant' "; cited 17 Am.Jur. 936 and 49 Am.Jur. 513; and stated:

"That appears to be true on account of the policy of the law, particularly because of the statute of frauds, not to permit the creation of an interest in the land of another except by the methods as mentioned. * * * "

In the light of the above cases and considering the absence of statutes on the subject, we turn to the common law for authority. In so doing, we are guided by § 16-301, W.C.S. 1945, which provides that the common law of England in force in the early part of the seventeenth century as it has been modified by judicial decisions is the law of Wyoming.

In discussing that section, Judge Blume in In re Smith's Estate, 55 Wyo. 181, 97 P.2d 677, 681, said:

" * * * Our statute * * * does not state what are the judicial decisions to which reference is made. However, it is, and has been, the constant practice of courts in common law jurisdictions to freely cite cases from other common-law courts, and we take it that the legislature had in mind the judicial decisions of all the various jurisdictions. The cases may differ; one court may take one view, another another. Hence we cannot consider these various decisions as the law in this state, but as interpretations of the common law, and we are at liberty to adopt that interpretation which seems to be the best."

The basic common law applicable to prescriptive easements of rights of way appears in numerous texts and encyclopedic works, representative of which are the following:

"Unless there is some statutory provision to the contrary, all easements which may be acquired by grant may also be acquired by prescription." 28 C.J.S., Easements § 17.

"Easements may be created by prescription or, more properly speaking, under the modern doctrine, by presumption. * * * An easement claimed in the land of another cannot be the subject of a constant, exclusive, and adverse possession such as is requisite to assert the bar of limitations. Thus, originally in England easements, as incorporeal hereditaments, were said to lie wholly in grant, and statutes of limitation were held to apply only to actions for the recovery of land. In time the fiction of a 'lost grant' was adopted by the courts,—that is, the courts presumed, from the long possession and exercise of right by the defendant with the acquiescence of the owner, that there must have been originally a grant by the owner to the claimant which had become lost. * * * Today * * * in most of the states in the United States, and also in England, the rule is that the period for acquiring an easement in lands corresponds by analogy to the local statute of limitations as to land. It has been emphasized, however, that a prescriptive right does not depend upon any statute, but is founded upon the presumption of a grant. * * * " 17 Am.Jur., Easements § 55.

"Requisites of Prescription.—The establishment of a prescriptive right depends upon showing a continued and uninterrupted, open and visible, use of a definite right in the land of another which is identical to that claimed as an easement and has a relation to the use of, and a direct and apparent connection with, the dominant tenement under an adverse claim of right for a period corresponding generally to the statutory period of limitations in the particular jurisdiction. * * * " 17 Am.Jur., Easements § 59. See to the same general effect the discussion in 28 C.J.S., Easements, beginning at § 6.

Specific cases cited in the above authorities and others bearing out similar principles could be discussed but would serve no useful purpose here.

It being clear, therefore, that in Wyoming the acquisition of a private right of way by prescription is governed by the common law and that under the

common law such a right is recognized, it remains only to determine whether or not plaintiff brought himself within the rules as stated in the previous authorities. Defendants raised no point in this regard, devoting themselves instead to the argument that § 48-301 was controlling and to the correlative view, that no acquisition of right of way by prescription was permitted in this State.

In this case, an analysis of the record and a consideration of the factual portions of counsel's briefs indicate that there is little dispute regarding the facts.

Plaintiff's ownership of the land which according to his claim constituted the dominant tenement was alleged in the petition. Such ownership, for lack of information, was denied by defendants but was tacitly admitted at the trial when plaintiff recited his brother's homesteading of the property, its later transfer to him, and his present ownership of it. He introduced exhibits to substantiate his allegations, and no contradictory evidence was submitted. Plaintiff alleged that defendants were owners of the lands which according to his claim constituted the servient tenement, and the answer admitted this.

Plaintiff stated that he and his brother first used the road in 1920; that they both used it until 1923 when his brother disappeared; that he used the road at various times thereafter without interruption; that his use of the road from 1925 until 1937 occurred mostly during the summer months but from that time his use has been the year around; that he had done work on the road during the period 1921-1925; especially in digging sharp rocks therefrom; and that in 1927 and 1928 he built three cattle guards where fences crossed the road, without the consent of the

then owner of the land now claimed to be the servient tenement.

The testimony showed that the lands across which the Haines Road runs were first owned by Charlie Swingle, later by Harry Rissler, then by Walter Galles, and finally by Sam Baxter, and that plaintiff had seen each of the first three owners of the said lands on the road at different times. The evidence discloses that plaintiff's ingress and egress have not been confined exclusively to the Haines Road, but that he has also used an alternate means of access, known as the Coates Road; that the Haines Road is sometimes impassable in the winter months because of snow; and that various members of the public have used the Haines Road, the exact testimony being that "just like any trail, it's used by everybody."

The Haines Road was not officially designated as a public road by the county commissioners of Natrona County; and the evidence showed it to be an ungraded, rutty, dirt road, with the persons traveling upon it not confining themselves to a certain width but going outside of the main roadway.

From this brief resume of the evidence adduced at the trial, it appears that, under the law as above cited relating to the acquisition of easements of rights of way by prescription, the court was justified in its general finding in favor of plaintiff and against the defendants. There was a sufficient basis for the judgment of the trial court decreeing that "plaintiff has and is entitled to a right of way for a private road known as the 'Haines Road' upon, over and across the western portion of those certain lands occupied and owned by the defendants." However, the limitations inherent in the law relating to prescriptive easements

must be borne in mind—in particular we refer to those discussed in 17 Am.Jur., Easements § 100:

"If an easement is acquired by prescrpition, the purpose which the easement may be used is limited by the user under which the easement was acquired. * * * a prescriptive right acquired by a particular user cannot justify a materially larger user which has not been enjoyed for the full prescriptive period. * * * "

It therefore follows that plaintiff is entitled to use the private right of way across defendants' lands under the conditions and only to the extent that defendants (and their predecessors in interest) acquiesced in such use. Plaintiff at his own expense installed and maintained the cattle guards at the points where the right of way intersects the fences, and the past use of the right of way was by reasonable interpretation limited to plaintiff, members of his immediate family, employes, and guests. A similar limitation should govern the easement to which the trial court has decreed the plaintiff is entitled. We think that this interpretation is the only one which could reasonably be placed upon the trial court's judgment. However, the subject might be clearer to persons who hereafter deal with either the dominant or servient tenement if a supplement judgment were issued delineating the rights and duties of the parties. Additionally, this would be *positive* notice to persons interested in the title. We suggest that the trial court proceed accordingly.

The judgment of the district court is affirmed.

Affirmed.