Harry A. STEPLOCK; Charles C. Willis; Karen K. Willis; Garvin Taylor; August Chabot; Julia Chabot; May Chabot; and Christie Walker, Appellants (Petitioners),

v.

The BOARD OF COUNTY COMMISSIONERS FOR JOHNSON COUNTY, Wyoming, Appellee (Respondent).

Nicki TAYLOR, Executrix of the Estate of Curtis T. Taylor, Deceased, Appellant (Petitioner),

v.

The BOARD OF COUNTY COMMISSIONERS FOR JOHNSON COUNTY, Wyoming, Appellee (Respondent).

Nos. 93–270, 93–271.

Supreme Court of Wyoming.

April 20, 1995.

Patrick Dixon of Dixon & Despain, Casper, for appellant Steplock.

Dennis M. Kirven of Kirven & Kirven, P.C., Buffalo, for appellants Willis, Taylor, Chabot, and Walker.

Margo Harlan Sabec, Casper, for appellant Nicki Taylor.

Greg L. Goddard, County and Pros. Atty., Johnson County, Buffalo for appellee.

Before GOLDEN, C.J., and THOMAS, CARDINE,* MACY, and TAYLOR, JJ.

THOMAS, Justice.

The issues in this case arise out of an effort by the Johnson County Board of County Commissioners (Johnson County) to establish a county road based upon the doctrine of prescription. Private landowners (landowners),[1] whose property would be traversed by the road, appealed the resolution of Johnson County to the district court and now appeal from an order affirming Johnson County. Issues pressed include the unlawful substitution of a different survey plat and legal description after the evidence at the administrative hearing was closed; the failure to establish the width of the road and the use of an arbitrary width of sixty-six feet; failure to

---

* Retired July 6, 1994.

1. In Case No. 93–270, the private landowners who appealed are Harry A. Steplock, Charles C. Willis, Karen K. Willis, Garvin Taylor, August Chabot, Julia Chabot, May Chabot, and Christie Walker.

In Case No. 93–271, the appeal is taken by Nicki Taylor, the Executrix of the Estate of Curtis T. Taylor, Deceased.

comply with statutory requirements including a plat that was not an accurate survey, a plat and survey that did not meet statutory requirements, and defective notice of hearing; the denial of due process; the failure of the findings of fact and conclusions of law to conform to the Wyoming Administrative Procedure Act (WYO.STAT. § 16–3–101 to –115 (1990 & Supp.1994)); the failure in several respects to establish adverse possession of the road; and an ultimate contention of an illegal taking. We are satisfied Johnson County failed to follow the procedure for establishing a county road by prescription and, in fact, never really did establish the county road except for a short section. We reverse this case and remand it to the district court with direction that it should reverse Johnson County and vacate the findings of fact and conclusions of law reached by the Board of County Commissioners on January 19, 1993, so far as those relate to the Barnum Mountain Road.

In their Brief of Appellants, the landowners in No. 93–270 assert the following issues:

A. Did the Board unlawfully substitute a survey plat and legal description after the close of evidence?

B. Did the Board fail to establish any width of the route claimed to have been traveled by the public and unlawfully and arbitrarily establish the width at sixty-six (66) feet after the close of the evidence?

C. Did the Board fail to comply with all requirements of WYO.STAT. § 24–1–101, (1977)?

D. Were landowners unlawfully denied due process by being denied the opportunity to conduct voir dire examinations?

E. Did the findings of fact and conclusions of law fail to conform to the requirements of the Administrative Procedures Act?

F. Did the Board fail to establish the elements of adverse possession?

G. Is WYO.STAT. § 24–1–101 (1977) unconstitutional on its face or as applied?

In her Brief of Appellant Nicki Taylor, Executrix of Estate of Curtis T. Taylor, Deceased (in No. 93–271) separately states these issues:

A. Use of Appellant's land for road was permissive, and Appellee failed to prove the elements of adverse possession of the lands taken.

B. Land to be taken must be identified.

C. Refusal by Appellee to accept gift of right of way tendered by Appellant was arbitrary, capricious and an abuse of discretion.

D. Appellee lacked jurisdiction to proceed under W.S. Section 24–1–101 (1977).

E. Appellant was denied due process.

F. Appellee's findings, conclusions, and resolution are arbitrary, capricious and lack support of substantial evidence.

G. Appellee's actions are without observance of the procedures required by law.

H. The direct and proximate result of Appellee's Resolution No. 133 is a double taking of Appellant's property.

I. The taking of Appellant's real property interest pursuant to W.S. 24–1–101 (1977) violated Appellant's rights under the U.S. Constitution and the Wyoming Constitution.

The issues articulated in the Brief of Appellee Board of County Commissioners (answering in both cases) are:

Was there substantial evidence to support the decision of the Board of County Commissioners in declaring County Road 241 to be a public road?

What is the effect on the public of the Johnson County Board of County Commissioners determining that the statutory requirements for establishing a public road by prescription under the dictates of Wyoming statute 24–1–101 have been met in this case?

The landowners structure an additional issue which is:

Have the Appeals No. 93–270 and No. 93–271 been consolidated?

In December of 1992, Johnson County issued a notice of hearing stating its intent to hold a hearing on December 21, 1992 to establish a county road by prescription over some thirteen miles of road in southern Johnson County. This road comprises three

segments. The first runs westerly from Freeman Draw for approximately two and one-half miles to Barnum, and this segment is known as the "Barnum Road." The second segment runs westerly across an intersecting north-south road for approximately 2,000 feet. This intersecting road is known as the "Bar C Access Road." The third segment commences at the west edge of the Bar C Access Road and continues in a westerly direction for approximately ten miles to the Washakie County line.

The segment known as the Barnum Road is elevated, crowned with drainage areas along the side, paved, and has been posted with traffic signs. The Bar C access road is elevated and crowned, an improved gravel road, and also posted with traffic signs. The final segment which the parties allude to as the Barnum Mountain Road consists primarily of a two-track road over rugged terrain with some intersecting fences along the way. On some of those fences, there are posted signs that read "Private Property No Trespassing."

The notice of hearing, which was to be held at the Johnson County Courthouse in Buffalo, stated the purpose of the hearing was to establish a "public highway right-of-way under the common-law doctrine of prescription in that road * * * commonly known as 'County Road 241' and/or the 'Barnum Mountain Road.'" That notice went on to state:

Issues to be determined include public usage of said road for a period in excess of ten (10) years; the recorded plat and survey and county maintenance and control over said road. Issues involve requirements under Wyoming Statute 24–1–101 for the creation and establishment of a public highway.

The procedure for the establishment of a county road by prescription is set forth in WYO.STAT. § 24–1–101 (1993), which provides, in pertinent part, with emphasis added:

(a) On and after January 1, 1924, all roads within this state shall be highways, which have been or may be declared by law to be state or county highways. It shall be the duty of the several boards of county commissioners, within their respective counties, prior to said date, to determine what, if any, such roads now or heretofore traveled but not heretofore officially established and recorded, are necessary or important for the public use as permanent roads, and to cause such roads to be recorded, or if need be laid out, established and recorded, and all roads recorded as aforesaid, shall be highways. No other roads shall be highways unless and until lawfully established as such by official authority. **Except, nothing contained herein shall be construed as preventing the creation or establishment of a public highway right-of-way with reference to state and county highways under the common-law doctrines of adverse possession or prescription either prior to or subsequent to the enactment hereof. If any such board shall resolve the creation or establishment of a public highway right-of-way based upon the common-law doctrines of adverse possession or prescription, it shall, following the filing of a plat and accurate survey required in accordance with the terms and provisions of W.S. 24–3–109, proceed with the publication of the proposed road for three (3) successive weeks in three (3) successive issues of some official newspaper published in the county, if any such there be, and if no newspaper be published therein, such notice shall be posted in at least three (3) public places along the line of the proposed road, which notice shall be exclusive of all other notices and may be in the following form:**

To all whom it may concern: The board of county commissioners of .... county has resolved the creation and establishment of a public highway right-of-way under the common-law doctrine of prescription in that the road was constructed or substantially maintained by the (either the state or county) for general public use for a period of (ten years or longer) said road commencing at .... in .... county, Wyoming, running thence (here describe in general terms the points and courses thereof), and terminating at.....

All objections thereto must be filed in writing with the county clerk of said coun-

ty before noon on the . . . . day of . . . . A.D., . . . ., or such road will be established without reference to such objections.

. . . . . . . . . . . . . . . . . . . . . . .
County Clerk

Dated. . . . A.D.

(b) **The county commissioners shall cause a copy of the above notice to be mailed by registered or certified mail to all persons owning lands or claiming any interest in any lands over or across which the road is proposed to be created or established. The publication, posting and mailings of such notice shall be a legal and sufficient notice of all persons owning lands or claiming any interest in lands over which the proposed road is to be created or established.** No viewers or appraisers shall be appointed, nor shall any damage claims be considered or heard, and the sole objections to be heard by the board shall be directed against the creation or establishment of such right-of-way under the common-law doctrines of adverse possession or prescription. Any objector may appeal from the final decision of the board of the county commissioners to the district court of the county in which the land is situated. Notice of such appeal must be made to the county clerk within thirty (30) days after such decision has been made by the board, or such claim shall be deemed to have been abandoned. Within ten (10) days after the notice of an appeal is filed in his office, the county clerk shall make out and file in the office of the clerk of the district court, in his county, a transcript of the papers on file in his office, and the proceedings of the board in relation to such creation and establishment. The proceedings on appeal shall be governed by the Wyoming Administrative Procedure Act. If the appeal is upheld the appellant shall be reimbursed by the county for all reasonable costs of asserting his claim.

\*      \*      \*      \*      \*      \*

(d) Only that portion of county highways, not to exceed sixty-six (66) feet in width, which was actually constructed or substantially maintained by the county and traveled and used by the general public for a period of ten (10) years or longer, either prior to or subsequent to the enactment hereof, shall be presumed to be public highways lawfully established as such by official authority.

The statute references the filing of a plat and accurate survey in accordance with the terms of WYO.STAT. § 24–3–109 (1993) which provides:

If, upon considering and acting upon the report of the viewer, or otherwise, the board of the county commissioners shall decide to lay out such road, THEY SHALL CAUSE THE COUNTY SURVEYOR TO MAKE AN ACCURATE SURVEY THEREOF, IF SUCH SURVEY IS DEEMED NECESSARY, AND TO PLAT AND RECORD THE SAME IN THE BOOK PROVIDED BY THE COUNTY FOR SUCH PURPOSE; and a copy of said plat and notes of survey shall, without unnecessary delay, be filed in the office of the county clerk. (Emphasis added.)

In accordance with WYO.STAT. § 24–1–101, notice was published in the *Buffalo Bulletin*, an "official newspaper published in the county" for three successive weeks on December 3, 10, and 17 of 1992. With respect to the statutory requirement that notice be mailed, "to all persons owning lands or claiming any interest in any lands over or across which the road is proposed to be created or established \* \* \*," it is uncontroverted A. Louis Steplock and Deborah G. Steplock, who are landowners entitled to notice, did not receive any mailed notice of the proposed hearing.

Johnson County proceeded to hold the hearing as scheduled on December 21, 1992. The county was required to file a plat and accurate survey in accordance with the requirements of WYO.STAT. § 24–3–109, quoted above. *Kern v. Deerwood Ranch*, 528 P.2d 910 (Wyo.1974). The statute stipulates the county surveyor is to make an accurate survey of the proposed road, and plat and record that survey with the county clerk. In addition, he is to file a copy of the plat and survey notes with the clerk. To satisfy this requirement, a Bureau of Land Management (BLM) survey was utilized. The accuracy of

that survey is disputed in the record.[2] It is clear neither Dr. Michael Long, who performed the field work for the survey, nor Mr. Gerald Jessen, who supervised the field work, was a county surveyor.

The statute provides a road taken by prescription cannot exceed sixty-six feet in width. The statute further limits the width of the road, however, to that portion "which was actually constructed or substantially maintained by the county and traveled and used by the general public for a period of ten (10) years or longer." With respect to that segment of County Road 241, identified as the Barnum Mountain Road, this ten-mile segment was no more than a rocky, two-track trail up the mountain. The commissioners, however, set the width at a maximum of sixty-six feet in their conclusions of law, although no testimony in the record discloses the actual width of the road as used by either the landowners or the public.

The elements of prescription were also addressed at the hearing. With respect to the two and one-half miles of paved road known as the Barnum Road, the record discloses no dispute as to the fact it has been traveled by the public and maintained by Johnson County for a period of ten years or more. On the other hand, there is no evidence in the record to demonstrate continuous maintenance for ten years by Johnson County or public use for ten years on the unpaved Barnum Mountain Road. The landowners often required others to obtain permission from them to travel on much of that segment of the road. Even those county employees who did some maintenance on the road in the form of grading it in the spring testified the grading was not accomplished each year for a statutory period of ten years.

After the conclusion of the hearing, the commissioners adopted Resolution No. 133 and issued findings of fact and conclusions of law in accordance with the Wyoming Admin-istrative Procedure Act. Resolution No. 133 reads:

*THE JOHNSON COUNTY COMMIS-SIONERS* do declare the Barnum Mountain Road to commence at Freeman Draw and to end at the west edge of the Bar C Access Road.

*WHEREAS*, the Barnum Mountain Road, sometimes known as Johnson County Road No. 241, was traveled by area ranchers and the general public continuously for at least ten years during the period from at least 1947 through 1977; *and,*

*WHEREAS*, Johnson County, Wyoming maintained the entire Barnum Mountain Road under a claim of right from at least 1951 through 1979 with a higher level of maintenance however on the lower portion of the road, between Freeman Draw and Bar C Road, *and,*

*WHEREAS*, the survey and plat of the entire Barnum Mountain Road filed in the office of the County Clerk of Johnson County, Wyoming, as part of these proceedings, are statutorily sufficient. That portion of the road between Freeman Draw and the Bar C Road being more particularly described on Exhibit "A" attached hereto and by reference incorporated herein; *and,*

*WHEREAS*, pursuant to W.S. 24-1-101 and 16-3-107, reasonable notice of these proceedings has been given to all required landowners; *and,*

*WHEREAS*, the elements of a prescriptive easement in the public as well as county control and maintenance of the Barnum Mountain Road required by W.S. 24-1-101 have been established by the evidence presented herein,

*NOW THEREFORE BE IT RE-SOLVED* that Johnson County Road No. 241 a/k/a the Barnum Mountain Road shall commence at Freeman Draw and shall end at the west edge of the Bar C Access

---

**2.** The BLM plat and survey maintained an accuracy of two to five meters or six to sixteen feet as to the location of the Barnum Mountain Road, while Johnson County subdivision regulations require plats to be surveyed with an accuracy showing lengths to the hundredths of a foot. However, the dispute over accuracy suggests the BLM survey may well be appropriate for a survey of undeveloped land to be taken for a road; whereas, it would not be accurate for a plat and survey of a city block or for lots in a proposed subdivision. The dispute over survey accuracy in this case thus may be a futile comparison of "applies to oranges."

Road. Said road right of way is described on Exhibit "A" attached hereto and shall be a Sixty–Six Foot (66') right of way, being Thirty–Three Feet (33') on either side of the centerline of the road.

DATED this 19th day of January, 1993.

BOARD OF COUNTY COMMISSION- ERS JOHNSON COUNTY, WYOMING

The findings of fact and conclusions of law which were filed simultaneously with Resolution No. 133 state, in pertinent part:

1. The Barnum Mountain Road, sometimes known as Johnson County Road No. 241, was traveled by area ranchers and the general public continuously for at least ten years during the period from at least 1947 through 1977.

2. Johnson County, Wyoming maintained the entire Barnum Mountain Road under a claim of right from at least 1951 through 1979 with a higher level of maintenance however on the lower portion of the road, between Freeman Draw and Bar C Road.

3. The survey and plat of the entire Barnum Mountain Road filed in the office of the County Clerk of Johnson County, Wyoming, as part of these proceedings, are statutorily sufficient. That portion of the road between Freeman Draw and the Bar C Road being more particularly described on Exhibit "A" attached hereto and by reference incorporated herein.

4. Pursuant to W.S. 24–1–101 and 16– 3–107, reasonable notice of these proceedings has been given to all required landowners.

5. The elements of a prescriptive easement in the public as well as county control and maintenance of the Barnum Mountain Road required by W.S. 24–1–101 have been established by the evidence presented herein.

6. The road right of way described herein shall be a Sixty–Six Foot (66') right of way, being Thirty–Three Feet (33') on either side of the centerline of the road as described on Exhibit "A" attached hereto.

DATED this 19th day of January, 1993.

BOARD OF COUNTY COMMISSION- ERS JOHNSON COUNTY, WYOMING

According to the Resolution, Johnson County established the three miles from Freeman Draw to the west edge of the Bar C or BLM access road as a county road. The findings of fact and conclusions of law state a prescriptive easement existed in the public with respect to the "Barnum Mountain Road." The affected landowners filed a motion for clarification in which they requested Johnson County to amend the findings of fact and conclusions of law to state the third segment, the ten-miles of unpaved road west of the Bar C Access Road, had not been established as a county road. A hearing was held to address the motion for clarification. At the close of that hearing, the commissioners indicated they would not amend their findings or the resolution in any respect.

The landowners appealed to the district court, which affirmed the action of Johnson County. This appeal comes from the order affirming Johnson County entered in the district court.

Analysis of the record in this case discloses that, as between the landowners other than the estate of Curtis T. Taylor and Johnson County, the real issue is whether Johnson County can declare a prescriptive easement in the public. Johnson County did not purport to establish the Barnum Mountain Road as a county road beyond the west edge of the Bar C Access Road. The relief sought by those landowners is very similar to what might be achieved in a quiet title action to remove the burden of an unlawfully recorded interest from their titles. With respect to the estate of Curtis T. Taylor, the issue is whether Johnson County should accept as a gift a road it has acquired by prescription and has established under that doctrine.

■ While we do not understand Johnson County purported to establish a county road under the doctrine of prescription or adverse possession beyond the west edge of the Bar C Access Road, the parties address that issue in the context of what is required to establish a county road by prescription. Clearly, Johnson County needed to follow the substantive and procedural requirements in WYO.STAT. § 24–1–101. The initial action in such a proceeding is the filing of a plat and

accurate survey in accordance with the terms and provisions of WYO.STAT. § 24–3–109. We have discussed the requirement of filing a plat and accurate survey in accordance with WYO.STAT. § 24–3–109. *Rocky Mountain Sheep Co. v. Bd. of County Comm'rs of Carbon County,* 73 Wyo. 11, 269 P.2d 314 (1954). There is no dispute that there was no plat and survey of this road by the county surveyor. It seems evident the statutory requirements were not complied with even without addressing the concern of the landowners that a different plat of the road was used for purposes of the resolution than was invoked at the hearing.

A comparison of the conclusions of law by Johnson County with Resolution No. 133 discloses there is no detailed description of the Barnum Mountain Road in the conclusions of law, although it is clearly delineated and limited in Resolution No. 133. In other significant respects, these two documents are substantially identical.

The confusion of the landowners with respect to the action of Johnson County is understandable. The road commencing at Freeman Draw and going west to the Bar C Access Road is the three-mile, paved portion of the road known locally as the Barnum Road. It is distinguishable from the ten-mile portion of the Barnum Mountain Road from Bar C Access Road going west to the Washakie County line. At the hearing on the Appellants' motion for clarification (filed by the landowners) held on February 17, 1993, the Johnson County Commissioners articulated the fact they intended to acquire by prescription only the three-mile portion from Freeman Draw to the Bar C Access Road. The pertinent testimony read as follows:

MR. KIRVEN: [B]ut I understand that the vote of the Board on that day was to establish a county road by prescription from Freeman Draw to the Bar–C Road.

COMMISSIONER SHUMAN: **Right.**

MR. KIRVEN: That intent is not clear in the resolution that was adopted. In fact, Mr. Goddard sent a letter following that in which he said that you had done something different. He said that you had established a county road from Freeman Draw to the Washakie County line. Now,

those are two separate and distinct positions.

COMMISSIONER RHODES: As I wrote in my letter, **we did not intend to do that.** (Emphasis added.)

The next requirement found in the statute is that of furnishing notice both by publication and by mailing, through either registered or certified mail, to all persons owning lands or claiming any interest in any lands over or across which the proposed road is to be created. The record is uncontroverted that A. Louis Steplock and Deborah G. Steplock, who are landowners entitled to mailed notice under the statute, received no mailed notice of the hearing. In fact, they are not parties to the proceedings but, in the absence of compliance with the mandatory requirements of the statute, there is no way this road could have been established across lands they owned or in which they had an interest.

Assuming the procedural requirements of the statute had been satisfied, Johnson County still encounters substantive requirements relating to the establishment of a road by prescription. The substantive requirement is incorporated in the statute by alluding to the common-law doctrines of adverse possession or prescription. This feature was added to the statute in 1967 by express grant of authority to counties to establish such roads. In expressly referring to the common-law doctrines, the statute incorporates the prior decisions of this court. As early as 1910, we said:

[W]e are of the opinion that the only reasonable rule * * * is * * * that to establish a prescriptive right * * * there should be shown, in addition to the use of a road by the public, the assumption of control and jurisdiction over it by the board of county commissioners for the statutory period of limitation.

*Bd. of Comm'rs of Sheridan County v. Patrick,* 18 Wyo. 130, 144, 107 P. 748, 750 (1910). This rule has been followed consistently in Wyoming. *Nixon v. Edwards,* 72 Wyo. 274, 264 P.2d 287 (1953); *Big Horn County Comm'rs v. Hinckley,* 593 P.2d 573 (Wyo. 1979).

Use by the public, coupled with maintenance by the county, gives rise to the right to establish a county road by prescription pursuant to WYO.STAT. § 24–1–101. The road is not established, however, until the county commissioners formalize their actions in accordance with the statute. For example, we have held prescriptive use is not sufficient to establish a county road and that this must be established by legal authority. *Nixon; Rocky Mountain Sheep Co.* It is clear the statute, as well as the cases, demands an action to take property from private owners without compensation must be accomplished with strict adherence to the statutory requirements for the proceeding. Johnson County did not identify the location of the Barnum Mountain Road in a way that would satisfy the statutory requirements. The duty of the commission was articulated in *Rocky Mountain Sheep Co.*, 269 P.2d at 319:

> So, also, if a board of county commissioners relies upon the county's having obtained prescriptive title to lands within a right of way, or any part thereof, in order to avoid the payment of damage for their taking, the inception of such prescriptive title must be evidenced by more formal acts than the user of the road by the public or by the county's construction and maintenance of the road because, in order to be empowered to acquire such prescriptive title, the records of the county must show not only the survey plat of the road but also the proceedings of the board in relation to the road's location, establishment or alteration, thus making manifest the county's purpose to acquire the lands involved.

Even assuming these requirements had been complied with, we still find Johnson County, in formalizing the result of the proceeding, described County Road No. 241 as commencing at Freeman Draw and ending at the west edge of the Bar C Access Road. In reporting the findings of fact and conclusions of law, the Johnson County Commissioners never did purport to establish a county road beyond the west edge of the Bar C Access Road. As to the balance of the road, there is simply a declaration of a prescriptive easement in the public together with an assertion of county maintenance. We hold, in the relevant documents, Johnson County did not establish a county road beyond the west edge of the Bar C Access Road.

Had they purported to do so, it is clear the Commissioners did not describe the Barnum Mountain Road in a way that would manifest the County's purpose to acquire it by prescription. *See Rocky Mountain Sheep Co.* Furthermore, adequate notice was not afforded to all of the landowners pursuant to the statute. There is a serious question as to the adequacy of the plat and survey filed in connection with the proceedings and, finally, the width ascribed to the road beyond the west edge of the Bar C Access Road clearly goes beyond that permitted under WYO.STAT. § 24–1–101(d), which significantly limits acquisition to "that portion of county highways * * * which was actually constructed or substantially maintained by the county and traveled and used by the general public for a period of ten years or longer." The evidence is clear this road was a trail and was not passable driving a vehicle which was not a four-wheel drive unless it had been graded prior to travel. There was no evidence that would support the claim of a road sixty-six feet in width.

■ We have addressed both cases, No. 93–270 and 93–271, and considered them as being consolidated for the purposes of our decision. With respect to case No. 93–271, we find no merit in the Estate of Taylor's separate contention that the Commissioners' refusal to accept a gift of the right-of-way of the three-mile Barnum Road portion was arbitrary, capricious, and an abuse of discretion. The three-mile portion of the road known as the Barnum Road has been established pursuant to the doctrine of prescription as a county road. It would not be appropriate for Johnson County to accept a gift of an interest it had acquired by prescription. Our understanding of the record is that the interest of the Estate of Taylor relates only to the portion of the road that was successfully established as a county road by the doctrine of prescription and does not reach to any part of the Barnum Mountain Road, which we have held was not established by prescription.

We perceive no merit in the contention of the landowners that they were denied due process because their right to voir dire the Board of County Commissioners was limited. The record discloses the hearing examiner's voir dire was more than adequate, and all the Commissioners articulated their willingness to hear the evidence presented with an open mind. We do not identify any specific claim of error on the part of the landowners, but simply a contention they had the right to voir dire. In that regard, their position is not consistent with what this court said in *Mendicino v. Whitchurch,* 565 P.2d 460 (Wyo. 1977). We do not find any error in the claim that the landowners were deprived of voir dire.

We reverse this case and remand it with direction to the district court to reverse and vacate the findings of fact and conclusions of law relating to the ten-mile portion of County Road 241 running west from the Bar C Access Road to the Washakie County border. The district court should also reverse any intimation in the resolution or the findings of fact and conclusions of law that articulates a prescriptive easement in the public over the Barnum Mountain Road.