ROCKY MOUNTAIN SHEEP COMPANY,
a corporation,

*Appellant-appellant,*

vs.

BOARD OF COUNTY COMMISSIONERS OF
CARBON COUNTY, WYOMING,

*Respondent-respondent.*

(No. 2616; April 13th, 1954; 269 Pac. (2d) 314)

12

For the appellant the cause was submitted upon the brief of Brimmer and Brimmer of Rawlins, Wyoming and oral argument by Clarence A. Brimmer, Jr.

For the respondent the cause was submitted upon the brief of Wm. N. Brimmer and K. W. Keldsen, both of Rawlins, Wyoming, and oral argument by Mr. Brimmer.

14

## OPINION

HARNSBERGER, Justice:

This is an appeal from the findings and order of the District Court of Carbon County, Wyoming, ascertaining the damages caused appellant by reason of the Board of County Commissioners of Carbon County having established as a county road a previously existing road.

From an examination of the record—including the plat exhibits—it appears that from a point about ten miles south of Walcott, Wyoming, on U. S. Highway 130, the road in question extends several miles in a general easterly direction, passing through several sections of land claimed to be owned by the appellant and which road is locally known as the "Pass Creek Road."

While there seems to have been some semblance of a road over at least a part of this location prior to the year 1927, for the purposes of this case it is only important to understand what occurred with respect to the road in 1927 and in subsequent years.

It was stipulated that the records of Carbon County contain a "Road Surveyor" report dated July 5, 1927, relating to the Pass Creek Road, and that the proceedings of the Board of County Commissioners of Carbon County, dated July 7, 1927, recite: " 'Mr. S. S. Sharp, who was appointed viewer of the Pass Creek Road project, presented his report which was duly approved,' * * * ". The appellant also concedes that the road was surveyed in 1927 by the Carbon County Surveyors.

It is not disputed that in 1927 the county commenced the grading of the western half of the Pass Creek Road, along the line of the 1927 survey, and that thereafter

the county continued to maintain and to improve the road until in May of 1951, when the appellant notified the Board of County Commissioners that the county had never acquired a right of way for the Pass Creek Road across the lands of the appellant, Rocky Mountain Sheep Company, and demanded that the county remove its maintenance equipment from the lands claimed by the appellant. The commissioners, being uncertain as to the county's rights, complied with the demand. Thereupon, and on May 19, 1951, some forty persons representing themselves to be residents and taxpayers of Carbon County, having ranches in the vicinity of the Pass Creek Road, petitioned the board to take appropriate action "to establish the present Pass Creek Road as a County Highway." The board met on May 24, 1951 and discussed the matter but took no action, and on May 28, 1951, eleven persons—but not the appellant herein—who represented themselves as being the owners of lands traversed by the Pass Creek Road, offered in writing to donate to the county a right of way for the road, providing the county would adequately bridge irrigation ditches which crossed the road, and that the road be established and maintained as a county road entirely in its then location.

Evidently considering at the time that it had been petitioned in accordance with Section 48-307, Wyoming Compiled Statutes, 1945, the board, after noting it was complying with Section 48-309, Wyoming Compiled Statutes, 1945, appointed a viewer to view the proposed Pass Creek Road.

On June 5, 1951, the viewer's report was filed, showing the general line of the road to conform with the existing Pass Creek Road, but providing for a roadwidth of 150 feet in the area of the western end, and a roadwidth of 100 feet for the balance of the road.

The report also made mention of the consent given by other property owners and reported that the only damages would be the sum of $150 to the appellant here. On the same day, a survey and plat of the proposed Pass Creek Road was presented to the board by the county surveyor and was placed on file in the office of the county clerk, and the Board of County Commissioners unanimously adopted a resolution reciting that "on its own motion" the board established a county highway to be known as the "Pass Creek Road", giving a general description conforming to the viewer's report, and directing the publication of Notice of Location of Road required by Section 48-316, Wyoming Compiled Statutes, 1945.

Pursuant to this resolution, publication of such a notice was commenced on June 9, 1951, but deeming this notice defective, another notice was commenced on June 14, 1951, and republished on June 21 and June 28, 1951; such second notice stating that the proposed location was set forth in detail on a map on file with the county clerk, where it might be examined. The record shows notices were also sent by registered mail to landowners, including the appellant, along the line of the road.

On August 7, 1951, the county surveyor submitted his report on the Pass Creek Road, including essential plans and specifications, and, on the same day, the appellant herein filed with the board its protest and claim for damages, whereupon, on August 15, 1951, appraisers were appointed to assess such damages.

In addition to making provision for the building of necessary cattle guards, the appraisers assessed the appellant's damages at $10 per acre for 46.73 acres of land claimed to be owned by the appellant, and which

would be taken by the 150 foot right of way across appellant's lands in the western portion of the road; $10 per acre for 37.13 acres of land claimed to be owned by the appellant, and which would be taken by the roadway in the eastern portion of the road; and, an additional $450 for damages "caused in farm sections".

By a formal resolution the Board of County Commissioners made reference to its former resolution of June 5, 1951, establishing the road, again resolved to establish the road, and accepted and approved the appraiser's report. From this action by the board, the Rocky Mountain Sheep Company appealed to the District Court, which found that Carbon county had theretofore acquired prescriptive rights to the land occupied by the existing sixty foot road in the western area; that the conveyance by which appellant received its title to the lands traversed by that road was made " 'subject to any and all roadways, stock driveways . . . over and across said premises' "; that as a road had existed prior to the acquisition of appellant's rights, no general damage was occasioned to the lands not occupied by the road nor was there damage for fences, underpasses, cattle guards or otherwise by reason of the road's enlargement in that section to a width of 150 feet, and ascertained the reasonable value of the 90 additional feet of claimant's land taken to be $30 per acre, which, computed for the distance over appellant's lands, amounted to $858.90 for 28.63 acres taken. The court also made findings and order relating to the balance of the road.

Although the Rocky Mountain Sheep Company had made claim for damages and both the county commissioners and the district court had ascertained appellant had suffered damages to lands claimed by it in the eastern area, the appellant's brief states that only the

western part of the roadway is the subject of its appeal. Our consideration will therefore be limited to that portion of the road, and to lands in the three sections claimed to be owned by the appellant which are affected by the western portion of the road.

Furthermore, the appellant makes no complaint about the per acre value of the land taken as ascertained by the court, but only assigns as error that in arriving at the number of acres of its lands which are being taken by the 150 foot road in the western segment, the court made allowance for a width of only 90 feet instead of the full 150 feet on the theory that the other 60 feet had already been acquired by the county by its having previously established a 60 foot road at the same place.

To justify the court's findings and order, the respondent county maintains that it acquired the disputed 60 foot road by " * * * (a) substantial compliance with the Statutes on condemnation proceedings for a public highway, and (b) by dedication, and (c) by prescription * * * ".

The appellant insists that the court was without jurisdiction to try the title to lands taken for a highway in condemnation proceedings and that in consequence there was no proper issue as to the county's claim of a prescriptive right to the disputed 60 feet. The many respectable authorities submitted in support of this position are of little value here inasmuch as they deal with condemnation proceedings instituted by various types of action wherein the name of the owner of the property to be taken or of the right sought to be taken, is affirmatively alleged. We do not, however, find among any of these authorities, or elsewhere, any support for the contention that the question of title to the lands to

be taken or damaged is not a proper issue in proceedings such as are provided by our statutes where it is not made the duty of the county to set forth the names of persons whose property is proposed to be taken, but rather the right is extended generally to all persons to assert whatever claims for damages they may have by reason of the establishment of a road. In fact, it should be obvious that where such damage, as is here claimed, is dependent upon ownership of the property or the property right involved, proof of such ownership is a condition precedent to an award being made.

It is also claimed that a governmental subdivision of the state cannot acquire a right of way by prescription nor may it expend public money upon a "private road" in order to acquire such a prescriptive right. We fail to find anything in the record to justify the assumption that any "private road" was sought to be taken nor is there any issue presented as to the right of the county to expend public money on such a road. With respect to the county's authority to acquire a right of way by prescription, Section 27-806, Wyoming Compiled Statutes, 1945, provides in part:

"The board of county commissioners of each county shall have power at any meeting:

\* \* \*

7. To lay out, alter or discontinue any road running through the county, and for such purpose may acquire title to lands therein "either by gift, *prescription,* dedication, the exercise of the right of eminent domain, purchase or lease; and also perform such other duties respecting roads as may be required by law.

\* \* \* \* "

(emphasis supplied)

The foregoing statute does authorize boards of county commissioners to acquire title to lands by prescrip-

tion in furtherance of their purpose to lay out or alter a road. When, however, the county records fail to show that the board has taken the action necessary to legally establish a public road, it cannot be said that such purpose exists. Use of the road by the public is not a substitute for the affirmative action required of the board in order to establish a county road and, as was explained in Nixon v. Edwards, (Wyo.) 264 P. (2d) 287, 293, decided December 8, 1953, ever since the original enactment by our Legislature in 1919, of what is now Section 48-301, Wyoming Compiled Statutes, 1945, not only will the working of a road by the county fail to constitute it a public road but the establishment by the county commissioners of a public road must be made of record, in order that it be made certain and definite as to what are public roads, the Chief Justice saying:

"It may be noted at once, that while this court in Board of Commissioners of Sheridan County v. Patrick, supra, construed the then existing statutes as permitting the establishment by county commissioners informally, that is by mere recognition of a road, such as working it, the legislation of 1919 required that roads recognized as public (are) to be made of record, thus carrying to its ultimate conclusion the former policy that it should be made certain and definite as to what were public roads, and thus superseding in that respect the ruling in the Patrick case, supra. * * * "

The only evidence in this case indicating that there was any other action taken by the Board of County Commissioners of Carbon county to establish the Pass Creek Road as a public road in 1927, or as to the existence of any record of other proceedings, is testimony concerning a book which was produced in court—sometimes referred to in testimony as a "plat book" and sometimes as "the road book" and a stipulation. The book was not offered nor was it received in evidence. The present county surveyor testified that there was "another road book besides the one that is in court."

This surveyor identified a plat exhibit which was received in evidence as being a photostat of either a tracing on file in a loose-leaf file in the county clerk's office or as being a photostat of a map in the so-called "road book" which was then "in court", but which was not placed in evidence, the witness saying that in either case the photostat would be exactly the same. Nothing else in the way of a record shows or tends to show that the Board of County Commissioners of Carbon county ever resolved or took any similar action to declare or to establish the Pass Creek Road as a County Road in 1927 or thereabouts, although, as we have previously noted, it was shown by stipulation that the records of Carbon county relating to the "Pass Creek Road" contain the report of the "Road Surveyor" dated July 5, 1927, and that the proceedings of the Carbon County Commissioners dated July 7, 1927, recites " 'Mr. S. S. Sharp, who was appointed viewer of the Pass Creek Road project, presented his report which was duly approved' ".

Our Section 48-322, Wyoming Compiled Statutes, 1945, prescribes the kind of record which is required to be made and is, in part, as follows:
" * * * If, upon considering and acting upon the report of the viewers or otherwise, the board of county commissioners shall decide to lay out or alter any road, they shall cause the county surveyor to make an accurate survey thereof, if such survey is necessary, and to plat the same in books to be provided by the county for such purpose, and the county clerk shall record in the same books opposite or near to such plat so that the same may be easily ascertained to be concerning the platted road, the proceeding of the said board in relation to the location, establishment or alteration of said road, in order to keep in a separate book a record of all the county roads of that county."

The stipulated contents of the county's records, plus the plat in evidence, fall far short of meeting the re-

quirements of this statute. Even though there was a surveyor's report relating to the Pass Creek Road, made in 1927; even though the commissioners did approve a viewer's report on this road in 1927; and, even if the plat in evidence does indicate—and it was so agreed—that a survey of the road was made in 1927, neither nor all of these show that the Board of County Commissioners ever resolved or took other similar action to declare or to establish the Pass Creek Road as a county road. To hold from such evidence that the road was established as a county road would violate what this court found in the Nixon case, supra, was the legislative policy, requiring from and after January 1, 1924, that all public roads must be placed of record and only such roads as were so made of record would thereafter be highways. Such a holding would also be in defiance of Section 48-322, Wyoming Compiled Statutes, 1945, supra, which exactly sets forth of what the record must consist in order to make certain and definite just what roads are public roads. No such record has been shown to exist.

So, also, if a board of county commissioners relies upon the county's having obtained prescriptive title to lands within a right of way, or any part thereof, in order to avoid the payment of damage for their taking, the inception of such prescriptive title must be evidenced by more formal acts than the user of the road by the public or by the county's construction and maintenance of the road because, in order to be empowered to acquire such prescriptive title, the records of the county must show not only the survey plat of the road but also the proceedings of the board in relation to the road's location, establishment or alteration, thus making manifest the county's purpose to acquire the lands involved.

The crucial question is, can a county road be established without there being placed of record a plat of the survey of such road together with the proceedings in relation to its location, establishment or alteration? If an affirmative answer is given, we would not interfere with the order from which the appeal is taken. However, notwithstanding there are some differences between the Nixon case, supra, and the instant matter, we consider the decision in that case to be controlling and determinative here. Although in the Nixon case the county had not constructed nor maintained the road there in dispute while here the county did construct and maintain the road, the Nixon case also disposed of this fact by pointing out that ever since the enactment of the 1919 statute, supra, the working of a road was insufficient to establish it as a public road.

The respondent acknowledges that in the Nixon case, supra, the Chief Justice has made an unusually searching and careful analysis of the history and the development of our law relating to roads. In that opinion, having concluded that our statutes and the legislative policy of this state require that there be a public record made of roads in order to establish them as highways, he quoted from our statute (§ 48-301, W. C. S., 1945) which states " * * * No other roads shall be highways unless and until lawfully established as such by official authority", and commented (264 P. (2d) 287, 293) " * * * We do not see how any language could be plainer. * * * " It seems to be equally plain that the pertinent portion of Section 48-322 W. C. S., 1945, quoted herein, requires that a record be made of the proceedings of the lawful official authority establishing public roads, as well as a plat of the road, in order that it may be certainly and definitely ascertained just which roads are public roads.

We do not doubt that if the lower court had the advantage of examining the decision in this Nixon case, which was not decided until after the instant case was disposed of below, it would have been considerably aided in solving this difficult problem, for when it is made clear that a road is not a county road unless such a record is made, and that without there being established a county road, no prescriptive title to the right of way could have been acquired by the county, it would have become apparent that a prescriptive title to the disputed 60 feet was not obtained.

We are conscious that we have variously and indiscriminately used the terms "public roads", "highways" and "county roads", and this was not done entirely without intention. In the Nixon case, supra, it was noted that "highways" are "public roads" and the terms were considered to be synonymous. Insofar as they concern roads lawfully established by official county authority, we see no reason why these terms may not be safely used interchangeably, as we consider that all roads lawfully established for the use of the general public and placed of record in accordance with our statutes come equally well within the definition of each of them.

We have considered the respondent's claim that as the appellant received its title to the lands by a conveyance which was made subject to any and all roadways and stock driveways over and across the premises, the appellant never acquired the right to the 60 foot strip in dispute. For this claim to have merit, we must presuppose that such a right of way had been legally obtained by the county as a result of its having lawfully and officially established a road, and this we do not find was done.

It is also claimed that in 1927 there was a dedication of the 60 foot roadway by the predecessors in interest of the appellant. The court did not find there had been any such dedication nor does any substantial evidence support the conclusion that an offer of dedication had been expressly or impliedly made or that there was ever any adoption of such an offer by any agency authorized to accept the same in behalf of the public. See 16 Am. Jur. 379, § 32. The only lawful and official authority empowered to speak for or act in behalf of the public in such a matter was the Board of County Commissioners of Carbon County, and, as has been herein indicated, such an action on the part of the Board would be required to be made of record as a part of its proceedings in relation to the establishment of the road.

It might further be observed that when we remember that the appraisers appointed by the Board of County Commissioners, reported that 46.73 acres of the claimant's land would be taken by the establishment of the 150 foot road in the western portion; that a road 150 feet wide across the claimant's lands in the western area represented 46.73 acres and that the Board had adopted the report of the appraisers by accepting and approving the same, thus negativing any idea that the county was then claiming any part of the 150 feet being taken, it is difficult to reconcile the Board's position at that time with that which the respondent takes when it says the county already had a prescriptive title to 60 feet of the 150 foot roadway or to 18.1 acres of the same to the end that only 28.63 acres of appellant's land is being taken.

The Pass Creek Road not having been previously established by the Board of County Commissioners as a county road, the county did not have a right of way 60 feet in width across the lands of the appellant in the

western portion of that road, and hence the appellant is entitled to have the court ascertain what, if any, damage it will suffer by the taking of the 150 foot right of way in the present proceedings to lawfully establish a county road by official authority.

The last matter challenged is the failure of the court to award the claimant its costs. Section 48-329, Wyoming Compiled Statutes, 1945, says in part:
" * * * If the appellant shall fail to recover an amount exceeding fifty dollars above the amount allowed to him by the board of the county commissioners, he shall pay all costs of the appeal."

Arguing that the district court had ascertained a damage considerably in excess of the amount allowed by the county commissioners, the appellant contends that it was entitled to its costs as a matter of right.

The respondent calls our attention to Section 3-3730, Wyoming Compiled Statutes, 1945, which provides:
"In other actions the court may award and tax costs, and apportion them between the parties, on the same or adverse sides, as it may adjudge to be right and equitable."
concluding that this is such an "other action", and hence the matter rested wholly within the court's discretion.

It is true that our courts do and probably should award and tax costs to follow the success in an action, but because of the disposition we make of this appeal, we feel it is unnecessary at this time to decide the issue.

In order to effectuate what has been said, this cause must be remanded to the District Court for further proceedings and the making of new findings and a new ascertainment of the damage suffered by the appellant.

*Remanded for further proceedings.*

BLUME, C.J., and RINER, J. concur.