Thomas Lee KERN, Sr., and Mary Ann Kern, Appellants (Defendants below),

v.

DEERWOOD RANCH, a co-partnership consisting of Harold F. Heye and Richard D. Smith, Appellees (Plaintiff below).

No. 4323.

Supreme Court of Wyoming.

Dec. 10, 1974.

George L. Zimmers, Zimmers & Nelson, Laramie, for appellants.

Arthur Kline, Kline & Swainson, Cheyenne, for appellees.

Before McEWAN, P. J., and GUTHRIE and McCLINTOCK, JJ.

Mr. Justice McEWAN delivered the opinion of the court.

This was a quiet title action brought by plaintiffs to clear title to their lands as a result of a "Notice of Rights" filed by defendants, in which they claimed to have a road right of way across the defendants' lands. The trial court held for the plaintiffs and the defendants have appealed.

In November 1971 the defendants caused to be recorded in the office of the County Clerk for Albany County, Wyoming, a document entitled "Notice of Rights" in which they claimed that they had a right of way across the plaintiffs' lands to reach their lands because a county road had been established pursuant to statute, and for other reasons not here in question. In March of 1972 the plaintiffs filed a quiet title action in which reference was made to the "Notice of Rights."

The defendants answered and counterclaimed that a county road had been established by declaration of the County Commissioners of Albany County by proceedings in 1911 and 1923. The trial court found that the said road or roads were never legally established by the county and were not public roads. In their counterclaim defendants alleged that the road had been established in 1911 pursuant to § 2513, W.C.S.1910, which as amended now appears as § 24-1, W.S.1957. The 1923 proceedings by the county commissioners were pursuant to § 2977, W.C.S.1920, which also now appears in amended form as § 24-1, W.S.1957. The original act of 1895, which contained the procedure for establishing a county road, included § 24-51, W.S.1957, which remains unchanged and provides that an accurate survey be made of the road and a copy of the plat and notes of the survey be filed in the office of the county clerk. Here there was no showing that there had been placed of record a plat of the survey or the proceedings in relation to the establishment of the road. The county clerk testified that she had searched the records of the County Clerk's office and was unable to find a plat of the road. The minutes of the board of county commissioners showed an attempt to create such a roadway and it can be fairly said that it was shown that all statutory proceedings were accomplished except for the survey and the recording of the plat.

The defendants acknowledge our holding in Rocky Mountain Sheep Co. v. Board of County Commissioners, 73 Wyo. 11, 269 P. 2d 314, and Ruby v. Schuett, Wyo., 360 P. 2d 170, that a county road was not established where a plat and survey were not placed of record, but they seek to distinguish those cases from the one at hand on the grounds that those cases were direct attacks against the county officials where this case is a collateral attack because it was an action involving private parties not including the county. We do not reach the collateral attack issue because the defendants failed in their burden of proving that a county road had been established.

■■■ In their complaint the plaintiffs alleged that the claims of the defendants as set forth in the "Notice of Rights" were without merit and invalid; and the defendants alleged in their counterclaim that in 1911 and 1923 there had been a properly established county road located by the county commissioners in conformity with the then existing statutes. Because of the manner in which the issue arose in this case the defendants had the burden of showing that a county road had been established. A method which comes immediately to mind by which proof could be made that a county road was established would be to show that a copy of the plat and survey notes had been filed in the office of the county clerk. Section 24-51, W.S.1957, which was adopted in 1895 and is still in effect, and § 52-222, W.R.S.1931, which was in effect during the times pertinent to this case, both provided that a plat be recorded in the office of the county clerk. Section 52-222, which, as amended in 1953, is now § 24-60 W.S.1957, provides a more detailed procedure for filing plats and recording and indexing information relating

to county roads. Nonetheless the statutes in effect during the periods in question made it clear that the survey and plat must be filed. This requirement was more than a procedural rule because it served the very real purpose of showing for the record the specific location of the roadway. The establishment of a roadway, in the absence of consent, constitutes the taking of property by the county for which a party may make a claim for compensation according to statute necessarily adopted to satisfy constitutional requirements. Before the county can take the necessary land it must identify it specifically so that the party owning the land may assert his claim for just compensation. Obviously, if the claimant does not know what land is to be taken he has no basis for the assertion of a claim. The survey and plat serves a further purpose in that it establishes for all times where the road is located and in effect establishes ownership in the county. As we said in Ruby v. Schuett, Wyo., 360 P.2d 170, 174, all persons, including parties whose land is to be taken, are entitled to be informed of the land which the road is to occupy, and the description in the plat should be so definite and certain that a competent surveyor could, based upon the description, determine the road's location.

▪ To avoid any confusion which may arise because of any inconsistency between our holding and the judgment and decree of the trial court, we make it clear that we do not hold that there is no established county road but only that the defendants failed in their burden of showing that there was a county road, which determination applies only to the parties hereto because the county was not a party to the action.

The determination by the trial court, with the above qualification, is affirmed.