2012 WY 97

**George M. and Geraldine E. ZEIMENS,**
Appellants (Plaintiffs),

v.

**CITY OF TORRINGTON, a Municipal Corporation; and the Board of County Commissioners of the County of Goshen,** Appellees (Defendants).

No. S–11–0266.

Supreme Court of Wyoming.

July 18, 2012.

Representing Appellants: Karen Budd Falen and Brandon L. Jensen, Budd–Falen Law Offices, LLC, Cheyenne, Wyoming. Argument by Mr. Jensen.

Representing Appellees: Andrew F. Sears, Murane & Bostwick, LLC, Casper, Wyoming; Loyd E. Smith, Murane & Bostwick, LLC, Cheyenne, Wyoming. Argument by Mr. Smith.

Before KITE, C.J., and GOLDEN, HILL, VOIGT, and BURKE, JJ.

BURKE, Justice.

[¶ 1] Appellants, George and Geraldine Zeimens, contend that the right-of-way for Sheep Creek Road is sixty-six feet wide. If they are correct, an electric power line built by the City of Torrington is located, in part, outside of the right-of-way and on the Zeimens' property. Torrington and Goshen

County contend that the right-of-way is eighty feet wide, and that the electric power line is located entirely within the right-of-way. Unable to resolve their differences, the Zeimens filed suit against the City and the County. After a bench trial, the district court ruled that the right-of-way is eighty feet wide, and entered judgment in favor of Torrington and the County. The Zeimens appealed that judgment. We will affirm.

## ISSUES

[¶ 2] The Zeimens present these two issues:

1. Whether the board of county commissioners failed to make certain and definite the width ascribed to Goshen County Road 72.

2. Whether the width of the right-of-way for Goshen County Road 72 is limited to that width as actually laid out and opened to public travel, or sixty-six feet.

The City and the County disagree with this statement of the issues, and assert that the only issue on appeal is whether the district court correctly ruled that Sheep Creek Road is eighty feet wide, thereby precluding the Zeimens' claims for taking and trespass.

## FACTS

[¶ 3] In 1908, the Board of Commissioners for Laramie County, Wyoming, began the process of establishing Sheep Creek Road as Laramie County Road 32, running generally east from Torrington to the Nebraska border. The County Surveyor was instructed to survey and plat the road. The plat he prepared and filed with the Laramie County Clerk designates the center line of Sheep Creek Road, but fails to indicate its width. In 1911, Goshen County was established from a portion of Laramie County. 1911 Wyo. Sess. Laws Ch. 10. The new Goshen County included Sheep Creek Road, which became Goshen County Road 72.

[¶ 4] The Zeimens own and live on property north of, and adjacent to, Sheep Creek Road. In 2008, the City of Torrington received permission from Goshen County to build an electric power line in the right-of-way of Sheep Creek Road. One wooden utili-

ty pole and one steel utility pole were erected on the Zeimens' property. The parties agree that these poles extend beyond the right-of-way if it is only sixty-six feet wide, as the Zeimens contend, but are within the right-of-way if it is eighty feet wide, as the City and County contend. The Zeimens sued the City and the County, seeking damages resulting from trespass and taking of their property. After a bench trial, the district court ruled that the Sheep Creek Road right-of-way is eighty feet wide, and entered judgment against the Zeimens. They have appealed that ruling.

## STANDARD OF REVIEW

[¶ 5] We review a district court's decision after a bench trial using this standard of review:

The factual findings of a judge are not entitled to the limited review afforded a jury verdict. While the findings are presumptively correct, the appellate court may examine all of the properly admissible evidence in the record. Due regard is given to the opportunity of the trial judge to assess the credibility of the witnesses, and our review does not entail weighing disputed evidence. Findings of fact will not be set aside unless the findings are clearly erroneous. A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. We review a district court's conclusions of law *de novo* on appeal.

*Springer v. Blue Cross & Blue Shield,* 944 P.2d 1173, 1175–76 (Wyo.1997) (internal citations omitted).

## DISCUSSION

[¶ 6] The district court relied on this guidance for interpreting or construing an easement:

When construing an easement, we seek to determine the intent of the parties to the easement . . . and begin by attempting to glean the meaning of the easement from its language. *R.C.R., Inc. v. Rainbow Canyon, Inc.,* 978 P.2d 581, 586 (Wyo.

1999); *see also Restatement (Third) Property* (Servitudes) § 4.1 (2000). If the language of the easement is clear and unambiguous, we interpret the easement as a matter of law, without resorting to the use of extrinsic evidence to determine the parties' intent. *R.C.R.*, 978 P.2d at 586. If, however, the language is ambiguous, then the court looks to extrinsic evidence to ascertain the parties' intent. *Hasvold [v. Park County School District No. 6*, 2002 WY 65, ¶ 13, 45 P.3d 635, 638 (Wyo.2002) ]; *R.C.R., Inc.*, 978 P.2d at 586; *Edgcomb v. Lower Valley Power & Light, Inc.*, 922 P.2d 850, 855 (Wyo.1996).

*Lozier v. Blattland Investments, LLC*, 2004 WY 132, ¶ 9, 100 P.3d 380, 383 (Wyo.2004) (quotation marks omitted). With even more specific reference to plats, we have explained that "we interpret the language used in a plat in accordance with contract interpretation principles.... As with all contracts, our goal in interpreting covenants and plats is to determine and effectuate the intentions of the parties, especially the grantor." *Brumbaugh v. Mikelson Land Co.*, 2008 WY 66, ¶ 13, 185 P.3d 695, 701 (Wyo.2008).

[¶ 7] The plat of Sheep Creek Road on file in the office of the Laramie County Clerk does not specify the width of the road. This led the district court to determine that "the plat map is clear and unambiguous, with one exception: the width of Sheep Creek Road." The court admitted extrinsic evidence to assist in resolving the ambiguity and determining the intended width of the road.

[¶ 8] The district court considered the original field notes of the County Surveyor who surveyed and platted Sheep Creek Road, which are preserved in the Laramie County Road Field Book. These, too, fail to specify the width of the road. However, Laramie County's archived records also included a handwritten transcription of these field notes, signed and dated one day after the original. The transcribed notes are nearly identical to the original field notes, with the significant exception that the transcription includes the information that Sheep Creek Road is "80 feet wide." In addition, Laramie County's Road Index records the various actions taken by the county commissioners to establish Sheep Creek Road. In the "Remarks" section of the index card for the road is the notation "Road 80′ wide." The district court concluded that these extrinsic documents provided "dispositive evidence" that Sheep Creek Road was intended to be eighty feet wide.

[¶ 9] The Zeimens assert that, when county commissioners utilize the statutory processes to establish a county road, their actions must be made of public record so as to make it "certain and definite as to what were public roads." *Rocky Mountain Sheep Co. v. Board of County Commissioners of Carbon County*, 73 Wyo. 11, 22, 269 P.2d 314, 318 (1954), quoting *Nixon v. Edwards*, 72 Wyo. 274, 291, 264 P.2d 287, 293 (1953). They insist that a road cannot be a county road "unless and until lawfully established as such by official authority." *George W. Condon Co. v. Board of Comm'rs of Natrona County*, 56 Wyo. 38, 53, 103 P.2d 401, 407 (1940). They emphasize the importance of recording the official documents that establish a county road:

> The survey and plat ... establishes for all times where the road is located and in effect establishes ownership in the county. As we said in *Ruby v. Schuett*, Wyo., 360 P.2d 170, 174 [ (1961) ], all persons, including parties whose land is to be taken, are entitled to be informed of the land which the road is to occupy, and the description in the plat should be so definite and certain that a competent surveyor could, based upon the description, determine the road's location.

*Kern v. Deerwood Ranch*, 528 P.2d 910, 912 (Wyo.1974). The Zeimens further note that the statute in effect when Sheep Creek Road was established specified that "no county road shall hereafter be established, altered or vacated in any county in this state, except by authority of the board of the county commissioners." Wyo. Stat. § 1907 (1899).

[¶ 10] The Zeimens assert that the Laramie County Commissioners failed to take the official actions necessary to establish the width of Sheep Creek Road. They contend that there is no documentation of any "action or proceeding of the board of county commissioners which affirmed, acknowledged or

adopted the surveyor's notation as the true, intended width of the road." Because the commissioners did not officially adopt or ratify the County Surveyor's field notes, the Zeimens maintain that they are only the field notes of a surveyor, not documentation of any action of the Laramie County Commissioners to establish the width of Sheep Creek Road. Similarly, the Zeimens assert that the notation on the Road Index Card provides no indication that the county commissioners took any official action to establish the road right-of-way as eighty feet wide.

[¶ 11] On the basis that the width of the road was never officially established, the Zeimens contend that "it is the physical road which the law holds to be the established county road." *Sheridan County v. Spiro,* 697 P.2d 290, 299 (Wyo.1985). The Zeimens maintain that Sheep Creek Road was physically established as sixty-six feet wide. Although the road is not fenced on the Zeimens' own property, they assert that fences on neighboring properties indicate a road width of sixty-six feet. At trial, Mr. Zeimens testified as follows:

Q: Are there fences along Sheep Creek Road in the vicinity of your property?

A: Yes, there are.

Q: Could you please describe those fences and their location?

A: Well, the property east of me belongs to the BLM, and on the north side of the road it's fenced to 66 feet. There was a fence on the south side of the road which belonged to the city which was fenced also at 66 feet.

A few years ago a new fence was installed along the city's property southeast of me. It says airport property, and the purpose of that fence was for Homeland Security is my understanding, and it was moved back to 40 feet [from the center of the road]. There is also a fence directly across from me on the front, the farm land to the south of me, and it is slightly less than 33 feet [from the center]. Just west of my property on my neighbor there, there [are] remnants of a fence there, ... corner posts and so forth, and they were also set at 33 feet [from the center of the road].

The Zeimens also rely on a survey prepared for the City in 1999, and given to the Zeimens at the time they purchased the property, which indicates that the Sheep Creek Road right-of-way is sixty-six feet wide. Finally, they cite Wyo. Stat. Ann. § 24–1–101(d), which provides that:

Only that portion of county highways, not to exceed sixty-six (66) feet in width, which was actually constructed or substantially maintained by the county and travelled and used by the general public for a period of ten (10) years or longer ... shall be presumed to be public highways lawfully established as such by official authority.

The Zeimens concede that this statute applies specifically to county roads established through prescription, and so does not directly apply to Sheep Creek Road. They contend, however, that the statute confirms that "the legislative policy of this state clearly prefers the location of the physical road as it was opened and used by the general public, as opposed to the road as it was surveyed." The Zeimens emphasize that the statute expressly specifies that county roads to which it applies may not exceed sixty-six feet in width.

[¶ 12] When we evaluate the Zeimens' legal position, we agree that a board of county commissioners must take official action, in accordance with statutory mandate, in order to establish a county road. But the cases relied upon by the Zeimens deal only with the *establishment* of county roads. *See Kern,* 528 P.2d at 912 (The defendants failed to prove the existence of a county road because they did not show that a plat and survey of the road had been filed in the office of the county clerk.); *Ruby,* 360 P.2d at 174 (A county road was not established where a plat and survey were not placed of record.); *Rocky Mountain Sheep Co.,* 73 Wyo. at 25, 269 P.2d at 319 ("The crucial question is, can a county road be established without there being placed of record a plat of the survey of such road together with the proceedings in relation to its location, establishment or alteration?" The Court answered no.); *Nixon,* 72 Wyo. at 280, 264 P.2d at 288 (A public road may not be established by adverse use where "recognition by the public authorities

was entirely omitted."). Those cases are not directly applicable here, because the Zeimens do not dispute the **establishment** of Sheep Creek Road. As stated in their brief, they "do not contend that County Road 72 has not been established by lawful authority of the county commissioners. Rather, the Zeimens contend there were no proceedings of the board in relation to the . . . width of County Road 72."

[¶ 13] Of more direct application, we have previously held that county commissioners' failure to state the width of a county road is an irregularity, but not one that precludes the establishment of the road. "Assuming that the resolution of the board of commissioners should have stated the width of the road, and that what was actually done was irregular, we doubt that in view of the facts herein, the board was without jurisdiction." *Harris v. Board of County Comm'rs*, 76 Wyo. 120, 126, 301 P.2d 382, 384 (Wyo.1956). As explained in a later case, we have held "that where there is a map of the proposed road on file, a defect in the description of the proposed road was a mere irregularity, not fatal to the Board's jurisdiction." *Big Horn County Comm'rs v. Hinckley*, 593 P.2d 573, 577 (Wyo.1979).

[¶ 14] Applying these precedents here, we cannot conclude that the county commissioners' failure to state the width of Sheep Creek Road means that no width was ever officially established. Instead, like the district court, we conclude that the failure to state the width of the road renders the official documents ambiguous. Accordingly, the district court did not err when it considered extrinsic evidence to determine the width of Sheep Creek Road.

[¶ 15] We also disagree with the Zeimens about the significance of the County Surveyor's field notes. It is true, as they assert, that the County Surveyor does not have the authority to establish county roads. That authority belongs solely to the board of county commissioners. But the record in this case establishes that the Laramie County Commissioners instructed the County Surveyor to prepare the official survey and plat of Sheep Creek Road. "In the case of official surveys, it will always be presumed that the surveyor did his duty, and that his work was accurate." *Hudson v. Erickson*, 67 Wyo. 167, 180, 216 P.2d 379, 383 (1950), quoting 11 C.J.S. *Boundaries* § 104, at 692 (1938). *See also Sowerwine v. Nielson*, 671 P.2d 295, 300 (Wyo.1983). Accordingly, we have recognized a surveyor's field notes as "important" evidence, and, "not only the best, but the most reliable, evidence as to where the road was officially located." *Board of Comm'rs of Sheridan County v. Patrick*, 18 Wyo. 130, 146, 150, 107 P. 748, 751–52 (1910).

[¶ 16] The handwritten transcription of the County Surveyor's field notes are not the official action that established Sheep Creek Road. They are, however, presumed to be an accurate reflection of the official action taken by the county commissioners. When the field notes are considered in this light, the district court did not err when it considered the County Surveyor's field notes to be evidence of the intended width of Sheep Creek Road.

[¶ 17] Having determined that the district court's legal conclusions were not in error, we turn next to the evidence. As noted above, our standard of review requires us to "examine all of the properly admissible evidence in the record." *Springer*, 944 P.2d at 1176. When we examine the evidence presented by the Zeimens at trial, it is less compelling than the Zeimens portray it. Fences in the vicinity of the Zeimens' property may suggest a road right-of-way sixty-six feet in width, but that is countered by testimony that, elsewhere along its route, widths between fences bounding Sheep Creek Road vary from as little as fifty-two feet to as much as one hundred sixty feet. As for the 1999 survey showing the Sheep Creek Road right-of-way to be sixty-six feet in width, the surveyor who prepared it testified that he "assumed" that width because that is a "common road width" in Goshen County, and he found no Goshen County records indicating any other dimension. When additional documentation was found in the historical records in Laramie County, however, the surveyor changed his mind. Relying on the handwritten transcription of the County Surveyor's field notes and the Laramie County Road Index, he prepared a new survey reflecting

his updated opinion that the Sheep Creek Road right-of-way is eighty feet wide.

[¶ 18] We defer to the district court's weighing of the Zeimens' evidence against that offered by the City and the County, and set aside its findings only if they are clearly erroneous. The district court decided that the handwritten transcript of the County Surveyor's field notes, along with the entry in the Laramie County Road Index, constituted "dispositive evidence" that in 1908, the Laramie County Commissioners intended to establish Sheep Creek Road with a right-of-way eighty feet in width. We are not left with "the definite and firm conviction that a mistake has been committed." *Springer,* 944 P.2d at 1176. We have found no error in the district court's legal conclusions. We therefore affirm the judgment against the Zeimens and in favor of the City of Torrington and County of Goshen.